FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 28, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLY J., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:19-CV-00404-JTR <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 12, 13. Attorney Lora Lee Stover represents Kelly J. (Plaintiff); Special Assistant United States Attorney Lars J. Nelson represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed applications for Social Security Disability Insurance and Supplemental Security Income on June 12, 2017. Tr. 204, 216. She alleged disability since June 10, 2017, Tr. 333, 337, due to a back injury, Tr. 365. The

ORDER GRANTING DEFENDANT'S MOTION - 1

applications were denied initially and upon reconsideration. Tr. 256-62, 265-70. Administrative Law Judge (ALJ) Jesse K. Shumway held a hearing on October 4, 2018, Tr. 172-203, and issued an unfavorable decision on November 16, 2018, Tr. 90-99. The Appeals Council denied the request for review on October 17, 2019. Tr. 1-6. The ALJ's November 2018 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on November 22, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was 41 years old at her alleged date of onset. Tr. 333. Plaintiff completed her GED in 1993. Tr. 366. Her reported work history includes jobs as a housekeeper, a janitor, and a restitcher. Tr. 366, 388. At the time of her application, she reported that she had stopped working on June 13, 2017 due to her conditions, but her conditions caused her to make changes in her work activity as of June 11, 2017. Tr. 365.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the

ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On November 16, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 90-99.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 10, 2017. Tr. 92.

At step two, the ALJ determined Plaintiff had the following severe impairments: obesity and lumbar degenerative disc disease. Tr. 92.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 93.

The ALJ assessed Plaintiff's Residual Functional Capacity and found she could perform sedentary work with the following limitations:

> she will need the option to stand at her workstation for 1 to 2 minutes after every hour of sitting; she can never climb ladders, ropes or scaffolds; she can only occasionally perform all other postural activities; she cannot have concentrated exposure to wetness, extreme cold, or vibration; she can have no exposure to hazards such as unprotected heights and moving mechanical parts; and she cannot operate a motor vehicle.

Tr. 93.

At step four, the ALJ found Plaintiff had past relevant work as a cleaner, housekeeping and a laundry operator, and the ALJ concluded that Plaintiff was unable to perform any past relevant work. Tr. 97.

At step five, the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of call-out operator, bench hand, and cashier II. Tr. 98-99.

The ALJ concluded that Plaintiff was not under a disability within the meaning of the Social Security Act at any time from June 10, 2017 through the date of the decision. Tr. 99.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal

standards. Plaintiff contends the ALJ erred by (1) improperly rejecting her symptom testimony; (2) inaccurately assessing her residual functional capacity; and (3) improperly finding her to be capable of substantial gainful activity at step five of the sequential evaluation process. ECF No. 12 at 9.

## DISCUSSION

### 1. Plaintiff's Symptom Statements

Plaintiff contests the ALJ's determination that Plaintiff's symptom statements were unreliable. ECF No. 12 at 11-13.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is reliable. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id*. Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear and convincing reasons for doing so." *Id*. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098.

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but her "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 94. Specifically, the ALJ found that Plaintiff's statements were unreliable for three reasons: (1) the statements were inconsistent with the objective evidence; (2) there was evidence of symptom magnification; and (3) her reported symptoms were inconsistent with her high functioning activities. Tr. 95-96.

The ALJ's first reason for rejecting Plaintiff's symptom statements, that they were inconsistent with the objective evidence, is specific, clear and convincing. Although it cannot serve as the sole reason for rejecting a claimant's statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Here, the ALJ found that Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were "inconsistent with the unremarkable objective findings and clinical observations." Tr. 95. The ALJ then provided multiple citations to the record addressing imaging reports, straight leg raising tests, and gait observations by her providers. *Id*. In response, Plaintiff asserts that "objective medical evidence of abnormalities of Plaintiff's low back impairment is well established in the medical records." ECF No. 12 at 12. However, the issue is not whether Plaintiff's impairments exist or could reasonably cause the symptoms she reports. That is the first step of the two-step process set forth in *Tommasetti*. The ALJ already found that Plaintiff's impairments were medically determinable, Tr. 92, and that her impairments "could reasonably be expected to cause some of the alleged symptoms." Tr. 94. At issue are Plaintiff's statements of intensity, persistence, and limiting effects. Plaintiff offers no argument addressing how the ALJ erred in finding that Plaintiff's reported intensity, persistence, and limiting effects of her symptoms were inconsistent with the objective evidence. Therefore, the Court will not disturb the ALJ's determination.

The ALJ's second reason for rejecting Plaintiff's symptom statements, that there was evidence of symptom magnification, is specific, clear and convincing. The Ninth Circuit has found that evidence of a claimant's tendency to exaggerate symptoms is a clear and convincing reason to reject her symptom statements. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Here, Plaintiff failed

to address this reason in her brief. ECF No. 12. Therefore, she has waived the argument. *See Carmickle v. Comm'r. Soc. Sec.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). The Ninth Circuit explained the necessity for providing specific argument:

> The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. Particularly on appeal, we have held firm against considering arguments that are not briefed. But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting. However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). We require contentions to be accompanied by reasons.

*Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).[1] Moreover, the Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Because Plaintiff failed to challenge the issue in her brief, the court declines to consider this issue.

The ALJ's third reason for rejecting Plaintiff's symptom statements, that they were inconsistent with her high functioning activities, is not specific, clear and convincing. A claimant's daily activities may support an adverse credibility finding if (1) the claimant's activities contradict her other testimony, or (2) "the claimant is able to spend a substantial part of his day engaged in pursuits involving performance of physical functions that are transferable to a work setting." *Orn v.*

---

[1] Under the current version of the Federal Rules of Appellate Procedure, the appropriate citation would be to Fed. R. App. P. 28(a)(8)(A).

ORDER GRANTING DEFENDANT'S MOTION - 7

*Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). "The ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Id*. (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)). A claimant need not be "utterly incapacitated" to be eligible for benefits. *Fair*, 885 F.2d at 603.

      Here, the ALJ found that Plaintiff's allegations of physical and mental symptoms were undermined by her activities, including helping to bathe and dress her grandchildren, taking her dogs outside, shopping for groceries twice a month for about an hour, going out alone, driving, going to church on Sundays, and managing her financial accounts. The Ninth Circuit has cautioned ALJs about using everyday activities to undermine a claimant's pain testimony. *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) ("We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day."). Here, the ALJ did not state how these activities undermined Plaintiff's reports of symptom severity and the activities he cited do not demonstrate an ability to perform work activities. Therefore, this reason fails to meet the specific, clear and convincing standard.

      Plaintiff also "takes exception" to the ALJ's determination that "her pain is well managed with prescription pain medication (Ex. 9F)," and argued that her pain is not controlled. ECF Nos. 12 at 13 *citing* Tr. 96. However, the issue is not whether she has pain, but whether her statements regarding the intensity, persistence, and limiting effects of her pain are reliable. Here, the ALJ implies that the medical evidence, which demonstrates that Plaintiff's pain is managed with prescription medication, undermines her statements regarding her intensity,

persistence, and limiting effects of her pain, but he fails to state this explicitly. Tr. 96. Therefore, this is not a separate reason for rejecting Plaintiff's statements, but an example of the medical evidence not supporting Plaintiff's statements.

While not all the ALJ's reasons for rejecting Plaintiff's statements are specific, clear and convincing, the ALJ provided two reasons that meet the standard. Therefore, the Court will not disturb the ALJ's decision. *See Carmickle*, 533 F.3d at 1163 (upholding an adverse credibility finding where the ALJ provided four reasons to discredit the claimant, two of which were invalid); *Batson*, 359 F.3d at 1197 (affirming a credibility finding where one of several reasons was unsupported by the record); *Tommasetti*, 533 F.3d at 1038 (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination").

## 2. Residual Functional Capacity

Plaintiff challenges the ALJ's residual functional capacity determination, stating "her limitations regarding her pain and her limited ability to be active for extended periods of time should have resulted in finding that she is not capable of sustaining even a restricted range of sedentary work." ECF No. 12 at 14. In support of her challenge, Plaintiff argues that had her testimony "been given credit by the ALJ that benefits would have been afforded to her due to her inability to meet production and work demands expected by an employer, as she frequently needs to lay down and can only be active for a limited portion of the day." ECF No. 12 at 14. Therefore, Plaintiff's challenge to the residual functional capacity determination is a derivative of her argument that the ALJ erred in his treatment of her symptom statements. Since the Court has found that the ALJ did not commit harmful error, this argument fails. The Court will not disturb the ALJ's residual functional capacity determination.

## 3. Step Five

Plaintiff challenges the ALJ's step five determination by arguing that the

ORDER GRANTING DEFENDANT'S MOTION - 9

Commissioner "did not meet the requisite burden of proof at Step Five of the Sequential Evaluation Process, as the ALJ did not address Plaintiff's inability to stay on task during a typical work day in the residual functional capacity assessment." ECF No. 12 at 14.  Therefore, this argument is derivative of her challenge to the residual functional capacity determination.  Since this Court has found that the ALJ did not commit harmful error in addressing the residual functional capacity determination, this argument also fails.  The Court will not disturb the ALJ's step five determination.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  **Judgment shall be entered for Defendant** and the file shall be **CLOSED**.

DATED September 28, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION - 10